IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| OLIVER C. LOADHOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-091 |
| | ) | |
| DR. JOSEPH PARRISH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate currently incarcerated at Hays State Prison in Trion, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and is proceeding *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's motion for a temporary restraining order and preliminary injunction. (Doc. nos. 7-1, 7-2). The Court forwarded Plaintiff's motion to the Warden of Hays State Prison for a response regarding the issues raised in the motion. The Court received a response in the form of a letter from Dr. Kenneth Stroub, the Medical Director at Hays State Prison, which is attached hereto as Exhibit "A." For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests for injunctive relief be **DENIED**.

### I. BACKGROUND

Plaintiff filed the above-captioned case while he was incarcerated at Telfair State Prison in Helena, Georgia, alleging that Dr. Joseph Parrish and Dr. Cheney, among others, were deliberately indifferent to his serious medical needs for failing to treat his Hepatitis B.

(See generally doc. no. 1). According to Plaintiff, Dr. Cheney works at Telfair State Prison, while Dr. Parrish works for the Georgia Department of Corrections ("GDOC") in Atlanta, Georgia. (Id. at 4). As alluded to above, Plaintiff has been transferred to Hays State Prison since he filed his complaint. (See doc. no. 8).

In his declaration submitted in support of his request for injunctive relief, Plaintiff states that he needs "essential life-sustaining treatment" for his Hepatitis B that was prescribed for him in 2008 but has since been withheld by Dr. Parrish and the GDOC. (Doc. no. 7, p. 3). More specifically, Plaintiff maintains that he was told by Dr. Cheney in 2008 that the only criterion for treatment was a "healthy liver" but was later told that he could not begin receiving treatment until "the virus actually beg[a]n to destroy the liver." (Id. at 4). Plaintiff further states that he has needed treatment since March 2008, when he was told that his viral count was high enough to warrant "weekly injections of interferon" for a period of one year. (Id. at 4, 6). However, Plaintiff purportedly has been denied such treatment, and accordingly, he requests an order directing that he receive treatment for his disease. (Id. at 4, 9).

In his letter to the Court, Dr. Stroub states that he has reviewed Plaintiff's medical record and clarifies that Plaintiff has been diagnosed with Hepatitis C, not Hepatitis B. (See Ex. A). Dr. Stroub goes on to state that Plaintiff's work-up was done in the "usual appropriate manner," specifically noting that lab tests and a liver biopsy were done to determine whether he met the medical criteria for treatment of Hepatitis C. (Id.). Dr. Stroub further maintains that on October 19, 2009, Plaintiff was evaluated by Dr. Chadray, a gastroenterologist, who determined that Plaintiff's disease is stable and does not meet the

2

criteria for treatment. (Id.). According to Dr. Stroub, Plaintiff's liver enzymes are normal, and there has been no damage to his liver. (Id.). Notably, Dr. Chadray only recommended that Plaintiff undergo routine follow-up lab tests every six months, presumably to monitor the progress of his Hepatitis C. (Id.). Dr. Stroub concludes his letter by noting that there was no denial of treatment on the part of the GDOC because "no treatment was warranted as determined by the specialist." (Id.).

## II. INJUNCTIVE RELIEF REQUIREMENTS

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[1] McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

---

[1] Here, Plaintiff has requested both a temporary restraining order and a preliminary injunction in his request for injunctive relief. (See doc. no. 7, p. 1). A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hosp. Res. Pers., Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.). However, it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

3

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief because he has failed to show that there is a substantial likelihood that he will prevail on the merits. While Plaintiff states in his motion that he has been denied "essential life-sustaining treatment" for his disease (doc. no. 7, p. 3), he does not provide any medical opinion in support of this contention, and Dr. Stroub has informed the Court that Plaintiff's disease is stable and that he does not meet the criteria for treatment, (Ex. A). Notably, Dr. Stroub has stated that Plaintiff's medical records demonstrate that there has been no damage to his liver. (Id.). Furthermore, while Plaintiff states that his viral count was previously determined to be high enough to warrant treatment (doc. no. 7, pp. 4, 6), Dr. Stroub maintains that other lab tests indicate that his liver enzymes are normal, (Ex. A). Given these contradictory statements and Dr. Stroub's opinion as a medical professional, which Dr. Stroub has stated is based on a review of Plaintiff's medical records, it cannot be said that Plaintiff has demonstrated a substantial likelihood of success on the merits.

Similarly, Plaintiff has failed to demonstrate that he will suffer a substantial threat of irreparable injury if the injunction is not granted. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate--as opposed to a merely conjectural or hypothetical--threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable

harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

The Court is of course aware of Plaintiff's statements that his disease requires "essential life-sustaining treatment" and that his viral count was previously determined to be high enough to warrant certain injections. (Doc. no. 7, pp. 3-4, 6). However, as noted above, Plaintiff has submitted no medical opinion in support of this contention, and Dr. Stroub has informed the Court that Plaintiff's disease is stable and that his liver enzymes are normal. (Ex. A). Furthermore, based on Dr. Stroub's statement that Dr. Chadray recommended that Plaintiff undergo routine follow-up lab tests every six months, it appears that the progression of Plaintiff's disease is being monitored. Again, given these contradictory contentions of Plaintiff and Dr. Stroub, as well as Dr. Stroub's opinion as a medical professional, which, as noted above, is based on a review of Plaintiff's medical records, it cannot be said that Plaintiff has demonstrated that he faces a substantial threat of irreparable injury. Accordingly, Plaintiff's request for injunctive relief should be **DENIED** because Plaintiff has failed to show a substantial likelihood of success on the merits, nor has he demonstrated a substantial threat of irreparable injury if the injunction is not granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a temporary restraining order and preliminary injunction be **DENIED**. (Doc. nos. 7-1, 7-2).

SO REPORTED and RECOMMENDED this 29th day of April, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

March 10, 2010

To: Judge W. Leon Barfield
    United States District Court
    Southern District of Georgia
    Augusta Division 30903

Dear Honorable Judge Barfield:

I am in receipt of a request for review of Inmate Oliver Loadholt GDC # 421241 regarding his medical care and an alleged denying of medical treatment. This request was forward to me by our Warden's office.

Inmate Loadholt was transferred to Hays State Prison on 1.12.2010 from Telfare State Prison. I have reviewed his medical record. He has a diagnoses of hepatitis C (not B). He was worked up in the usual appropriate manner having lab tests and a liver biopsy to assess his level of disease to determine if he meets medical criteria for treatment of Hepatitis C. He was evaluated by Gastroenterologist Consultant, Dr. Chadray on 10.19.09 and it was medically determined that his disease is stable and does NOT meet criteria for treatment. His liver enzymes are normal and there is no damage to his liver. The consultant only recommended routine follow up laboratory testing every 6 months.

In summary, there was no denial of treatment on the part of the GDC or medical providers since no treatment was warranted as determined by the specialist.

Thank you,

Dr. Kenneth Stroub
Medical Director
Hays State Prison
Trion, Ga. 30753