IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| OLIVER C. LOADHOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-091 |
| | ) | |
| DR. JOSEPH PARRISH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Hays State Prison in Trion, Georgia,[1] commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following individuals and entities as Defendants: (1) the Georgia Department of Corrections ("GDOC"); (2) Dr. Joseph Parrish of the GDOC; (3) Dr. Moore of Telfair State

---

[1]When Plaintiff commenced this action, he was incarcerated at Telfair State Prison in Helena, Georgia.

Prison ("TSP"); (4) Dr. Jones of Georgia State Prison ("GSP"); (5) Dr. Cheney of TSP; and (6) two unknown doctors from Augusta State Medical Prison ("ASMP"). (Doc. no. 1, pp. 1, 4, 8). Plaintiff's complaint details his dissatisfaction with the lack of treatment he has received for his hepatitis. According to Plaintiff, "[e]arly in 2008," Dr. Cheney informed him that his viral count was high enough to warrant treatment and accordingly prescribed what Plaintiff describes as "interferon treatment." (Id. at 10). Plaintiff states that Dr. Cheney further explained to him that he would receive this treatment for one year and that the only criteria for treatment was a "relatively healthy liver free of cirrh[o]sis." (Id.). Plaintiff goes on to allege that several months after Dr. Cheney initially prescribed this treatment, he and two other inmates were sent to ASMP for a consultation regarding the treatment they were to receive. (Id. at 11). However, one of the unknown doctors at ASMP allegedly stated that no consultation could be done at that time because "the prerequisite liver biops[ies]" had not been performed. (Id.). Plaintiff alleges that nevertheless, in December 2008, he was sent to GSP "for the purpose of consultation by telecommunication" with the same doctor at ASMP, even though he still had not received the "prerequisite liver biopsy." (Id. at 12).

Plaintiff goes on to state that in August 2009, he was sent back to ASMP to receive the liver biopsy. (Id.). Plaintiff states that after the liver biopsy was performed, he was transferred back to TSP to await the results. (Id.). Dr. Moore allegedly examined Plaintiff upon his return to TSP and told Plaintiff that his liver was "swollen." (Id. at 13). However, Plaintiff states that after he informed Dr. Moore that his liver was causing him constant pain, Dr. Moore then contradicted his previous statement, informing Plaintiff that his liver was healthy and that he would not be receiving any treatment. (Id.). On September 14, 2009,

2

after the biopsy results had been received, Plaintiff was purportedly informed via teleconference by another unidentified doctor at ASMP that Plaintiff's liver was healthier than his and that Plaintiff would not receive any treatment. (Id. at 10). Plaintiff states that on September 19, 2009, he received the "official denial of medical treatment" from Dr. Moore. (Id. at 13). Plaintiff further contends that Dr. Parrish has the "final authority" as to whether inmates will receive treatment for hepatitis and apparently blames Dr. Parrish for the fact that he has not received treatment for his disease. (Id.). Plaintiff also maintains that several civil actions are pending against Dr. Parrish "for unconstitutional deprivation of medical treatment." (Id.). While Plaintiff does not mention Dr. Jones anywhere in the statement of claim, he does generally assert that "all defendant[s] in this case knew or reasonably should have known that their failure to act" would result in an "unconstitutional deprivation of prescribed treatment." (Id. at 5). Finally, Plaintiff alleges that other inmates "who lack the skill to litigate" also need treatment. (Id. at 5). As relief, Plaintiff requests monetary damages and an injunction ordering Defendants to provide the treatment prescribed by Dr. Cheney. (Id. at 6).[2]

## II. DISCUSSION

Liberally construing Plaintiff's allegations and granting him the benefit of all reasonable inferences to be drawn from those allegations, the Court finds that his allegations fail to state a claim for relief against Dr. Cheney, Dr. Jones, and the GDOC. As to Dr. Cheney, the Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must

---

[2]Plaintiff also requests appointment of counsel in his request for relief. (See doc. no. 1, p. 6). However, Plaintiff later filed a motion making this same request, which the Court denied. (See doc. nos. 11, 12).

3

allege the violation of a right secured by the Constitution and laws of the United States . . . ." West v. Atkins, 487 U.S. 42, 48 (1988). However, Plaintiff's allegations fail to establish that Dr. Cheney did anything to violate his rights. Indeed, as described above, Plaintiff alleges that Dr. Cheney was the one who told him that his viral count was high enough to warrant treatment and actually prescribed what Plaintiff describes as "interferon treatment." (Doc. no. 1, p. 10). Notably, Plaintiff does not contend that Dr. Cheney later reconsidered his decision, refused to treat Plaintiff, or otherwise interfered with previously prescribed treatment. While Plaintiff alleges in conclusory terms that "all defendant[s]" knew or should have known that their failure to act would result in deprivation of treatment (id. at 5), nowhere does Plaintiff provide any specific allegations as to how Dr. Cheney should have known this. Indeed, Plaintiff does not allege that he ever saw Dr. Cheney after he began having trouble receiving the prescribed treatment or made any sort of effort to let Dr. Cheney known about these alleged difficulties. As Plaintiff has failed to allege that Dr. Cheney did anything to violate his rights, Dr. Cheney should be dismissed from this action.

As to Dr. Jones, other than naming this Defendant in the caption of his complaint, Plaintiff asserts no allegations of wrongdoing against him in the statement of his claim. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional

4

violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). The only connection Dr. Jones appears to have to this action is that he was a doctor at GSP, where Plaintiff states that he was briefly sent in December 2008. However, Plaintiff does not allege that Dr. Jones ever examined him or otherwise had any involvement with the alleged denial of treatment. As Plaintiff has failed to make any allegations connecting Dr. Jones with the purported unconstitutional conduct, Plaintiff fails to state a claim for relief against this Defendant.

As to Plaintiff's claims against the GDOC, the Court notes that "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*). Simply put, "[t]here can be no doubt [] that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit." Id.; see also Stevens, 864 F.2d at 115 (Georgia Department of Corrections is barred from suit by Eleventh Amendment). This immunity applies regardless of whether an individual seeks monetary damages, prospective injunctive relief, or both. See Pennhurst, 465 U.S. at 100 (holding that the Eleventh Amendment bar to suit applies "regardless of the nature of the relief sought"). Accordingly, the GDOC should be dismissed from this action as well.

5

Finally, to the extent Plaintiff is attempting to raise claims on behalf of other inmates who allegedly need treatment but "lack the skill to litigate" (doc. no. 1, p. 5), these claims fail because Plaintiff does not have standing to raise claims regarding the violation of others' rights. Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005) ("For Article III standing purposes, then, the plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct." (internal quotation omitted)). Accordingly, these claims should be dismissed.[3]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Dr. Cheney, Dr. Jones, and the GDOC, as well as any claims asserted on behalf of other inmates, be **DISMISSED** from this action.

SO REPORTED and RECOMMENDED this 29th day of April, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously filed Order, the Court has directed that service of process be effected on Dr. Moore and Dr. Parrish as to Plaintiff's claims regarding the lack of treatment he has received for his hepatitis.