# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

2010 JUN 23  AM 9: 48

C. Adams

|  |  |  |
|---|---|---|
| OLIVER C. LOADHOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-091 |
| | ) | |
| DR. JOSEPH PARRISH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Macon State Prison in Oglethorpe, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Plaintiff's "Motion for Certification of the Class." (Doc. no. 13.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for class certification be **DENIED**.

## I.  BACKGROUND

In his complaint, Plaintiff alleged that various Defendants had been deliberately indifferent to his serious medical needs by failing to treat his hepatitis or failing to ensure that he received appropriate treatment for his disease. (See generally doc. no. 1.) The Court found that Plaintiff had *arguably* stated a viable claim against Defendant Moore (a physician at Telfair State Prison) for failure to treat Plaintiff's hepatitis. (Doc. no. 18, pp. 3-4.) The Court also found that Plaintiff had *arguably* stated a viable claim for deliberate indifference against Defendant Parrish (a physician who works in the administration of the Georgia

Department of Corrections) in his supervisory capacity, inasmuch as Plaintiff had alleged that other lawsuits were pending against Defendant Parrish and that he is the "final authority" as to which inmates receive medical treatment.[1]  (Id. at 4.)

In his motion for class certification, Plaintiff requests that this case be certified as a class action with respect to a class of prisoners incarcerated in prisons in the State of Georgia who have not been treated for hepatitis.  (See generally doc. no. 13.)  In support of his motion, Plaintiff maintains that the class is so numerous as to render "joinder of all class members impractical." (Id. at 5.)  Plaintiff also contends that his claims are "identical" to those of other class members and that common questions of law and fact exist between his claims and the claims of the other class members. (Id. at 6.)  Notably, Plaintiff also requests appointment of counsel to represent this class. (Id. at 4.)  The Court resolves the matter as follows.

## II.  DISCUSSION

Before addressing the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure, the Court notes that Plaintiff filed his motion prior to service of process being effected on either Defendant Moore or Defendant Parrish, let alone before an answer was filed.  Furthermore, as neither Defendant has yet to file an answer, no Scheduling Notice has been entered, and thus, discovery has yet to commence.  Accordingly,

---

[1]The Court also concluded that Plaintiff had *arguably* stated viable claims against two unknown doctors from Augusta State Medical Prison for failure to treat his hepatitis. (Doc. no. 18, pp. 3-4.)  However, because the Court cannot direct service of process on unknown individuals, Plaintiff was instructed to inform the Court of these doctors' identities as soon as possible, so that service could be effected within 120 days of the Court's April 29, 2010 Order.  (Id. at 4 n.3.)  To date, Plaintiff has not informed the Court of the identities of these two doctors.

there is no information in record other than Plaintiff's arguments that the Court may rely on in making its recommendation on Plaintiff's request for class certification. The Court also notes that pursuant to this Court's Local Rules, a party has ninety (90) days from the filing of a complaint in a class action to move for class certification, unless this 90-day period is extended for good cause shown. See Loc. R. 23.2. Here, Plaintiff filed his motion for class certification more than 90 days after he filed his complaint, and he has made no showing that this 90-day period should be extended. Thus, Plaintiff's motion is untimely under the Court's Local Rules, and the Court may recommend that the motion be denied on that basis alone. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*).[2]

Those issues aside, Plaintiff has also failed to meet at least two of the requirements necessary to maintain a class action under Rule 23. Notably, a class action may only be maintained when it satisfies all the requirements of Fed. R. Civ. 23(a) and at least one of the alternative requirements of Rule 23(b).[3] Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1005 (11th Cir. 2005). Notably, the party seeking class certification bears the burden of proving that these requirements are met. Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir. 2000).

Under Rule 23(a), one or more individuals may sue as representative parties on behalf of all class members if:

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3]As explained in detail below, the Court finds that Plaintiff has not met two of the requirements of Rule 23(a). Therefore, it need not consider whether any of the alternative requirements set forth in Rule 23(b) have been met.

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the
        claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the
        interests of the class.

Fed. R. Civ. P. 23(a). These requirements are commonly referred to as (1) numerosity, (2)

commonality, (3) typicality, and (4) adequacy of representation. In re Conagra Peanut Butter

Prods. Liab. Litig., 251 F.R.D. 689, 692 (N.D. Ga. 2008) (citation omitted).

Here, the Court finds that the numerosity and adequacy of representation requirements

have not been met. With respect to the adequacy of representation requirement, the Eleventh

Circuit Court of Appeals has explained that it "is plain error to permit [an] imprisoned

litigant who is unassisted by counsel to represent his fellow inmates in a class action."

Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (quoting Oxendine

v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v. Henderson, 468 F.2d

1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of portion of petitioner's

complaint seeking relief on behalf of fellow inmates). As the Fourth Circuit has aptly

observed,

> An individual unquestionably has the right to litigate his *own* claims in
> federal court, before both the district and appellate courts . . . . The right to
> litigate for *oneself*, however, does not create a coordinate right to litigate for
> *others*. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)
> (holding that a pro se prisoner may not litigate the interests of other prisoners
> in class action). The reasoning behind this rule is two-fold: it protects the
> rights of those before the court, see id. ("the competence of a layman
> [litigating for] himself [is] clearly too limited to allow him to risk the rights
> of others"), and jealously guards the judiciary's authority to govern those who
> practice in its courtrooms, see Collinsgru v. Palmyra Bd. of Educ., 161 F.3d

4

225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

Myers v. Loudoun County Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). Thus, Plaintiff, as a *pro se* litigant, may not represent his fellow inmates in this case. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2002) (holding that a *pro se* litigant "cannot adequately represent [a] putative class").

Of course, the Court is aware that Plaintiff has attempted to remedy the fact that he may not represent other inmates by requesting appointment of counsel to represent the class. (Doc. no. 13, p. 4.) Notably, the undersigned has previously denied Plaintiff's request for appointment of counsel, finding that there were no exceptional circumstances that would justify appointing counsel in this straightforward case regarding Plaintiff's medical care. (See doc. no. 12.) As succinctly stated by another district court addressing a similar issue,

> This matter presents a "chicken and the egg problem." If Plaintiff is not appointed counsel, and he remains *pro se*, then his claims may not be certified as a class action. Conversely, unless Plaintiff's request for class certification is granted, he cannot show the type of complexity of legal issues which would justify the appointment of counsel.

Perondi v. Schriro, No. CV 06-2833, 2007 WL 1232168, at * 4 (D. Ariz. Apr. 25, 2007). In Perondi, the court went on to find that because the plaintiff was not entitled to counsel "in his own right," he could not meet the requirements for class certification. Id.

The Court reaches the same conclusion here. As noted above, Plaintiff has not shown that the issues involving *his* medical care are sufficiently complex to warrant appointment of counsel. Accordingly, because (1) Plaintiff has not demonstrated that he is entitled to

5

appointment of counsel in his own right, and (2) Plaintiff, as a *pro se* prisoner, may not represent the interests of his fellow prisoners, the Court finds that he cannot meet the adequacy of representation requirement under Fed. R. Civ. 23(a)(4).

With respect to the numerosity requirement, the Court is aware that a party seeking class certification is not required to "establish the exact size of the proposed class or identify all of the class members, but rather must demonstrate that the number is sufficiently large so as to make joinder impracticable." In re Terazosin Hydrochloride, 220 F.R.D. 672, 684 (S.D. Fla. 2004) (citing Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir. 1986)). That said, the party moving for class certification must show "some evidence of or reasonably estimate the number of class members." Hively v. Northlake Foods, Inc., 191 F.R.D. 661, 666 (M.D. Fla. 2000) (internal quotation marks and citation omitted). "Mere speculation and unsubstantiated allegations as to numerosity, however, are insufficient to satisfy Rule 23(a)(1)." Wright v. Circuit City Stores, Inc., 201 F.R.D. 526, 538 (N.D. Ala. 2001) (citations omitted).

In the instant case, Plaintiff attempts to demonstrate the numerosity requirement by maintaining that he has met at least 4 other prisoners at Telfair State Prison who did not receive treatment for hepatitis. (Doc. no. 13, p. 5.) He further estimates the class size to be "four multiplied by the total number of Georgia state prisons." (Id.) However, Plaintiff does not provide the names of these other prisoners that he states he has met or any evidence to support his claim that their hepatitis diagnoses have gone untreated. Furthermore, he presents nothing to suppose that his estimate of the size of the class is a reasonable one. Rather, even though Plaintiff has made his arguments regarding numerosity under penalty of

6

perjury, the Court finds that Plaintiff has merely speculated as to the size of the class and has only offered unsubstantiated statements in his attempt to establish the numerosity requirement. Accordingly, the Court finds that Plaintiff has also failed to satisfy the numerosity requirement under Rule 23(a)(1). In sum, because Plaintiff has not satisfied either the adequacy of representation or numerosity requirements of Rule 23(a), Plaintiff's "Motion for Certification of the Class" should be **DENIED**.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for class certification be **DENIED**. (Doc. no. 13.)

SO REPORTED and RECOMMENDED this 23rd day of June, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE