ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| OLIVER C. LOADHOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-91 |
| | ) | |
| DR. JOSEPH PARRISH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Macon State Prison located in Oglethorpe, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. The matter is now before the Court on Plaintiff's responses to the Court's September 14, 2010 Order to show cause why Defendant Parrish and the second unknown doctor named as Defendant in this case should not be dismissed. (Doc. nos. 39, 40.)

On April 29, 2010, the Court directed the United States Marshal to effect service on Defendants Moore and Parrish.[1] In the same April 29, 2010 Order, Plaintiff was informed, regarding the two unknown doctors that Plaintiff named as Defendants, that the Court cannot direct service of process on unknown parties. (Doc. no. 18, p. 4 n. 3.) The Court further instructed Plaintiff that he needed to promptly notify the Court of the identities of the unknown doctors so that service could be effected. (Id.) Plaintiff did identify one of the

---

[1] Service was accomplished on Defendant Moore, (doc. no. 20), and he has filed an answer in this case. (Doc. no. 32.)

unknown doctors as Defendant Chadray, (doc. no. 33), and in a July 27, 2010 Order, the Court directed the Marshal to serve this Defendant. (Doc. no. 35.)

As the Court has previously explained, service must be accomplished within 120 days of the date that the Court initially directs service by the United States Marshal (here, April 29, 2010), and a defendant not timely served may be dismissed. (Doc. no. 18, p. 5.) Moreover, Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service. (Id.) Plaintiff failed to provide any identifying information regarding the second unknown doctor, and the record reveals that "Dr. Joseph Parrish of the D.O.C.-Atlanta" (Georgia Department of Corrections-Atlanta) has not been served because of Plaintiff's failure to properly identify him.

As to Defendant Parrish, the Marshal originally filed a return indicating that service of process had been effected on him. (Doc. no. 21.) However, an amended return indicated that service had not been accomplished, that Defendant Parrish no longer worked for the D.O.C., and that he had left no forwarding address. (Doc. no. 30, Att. 1.) On July 27, 2010, the Court directed the Marshal to use reasonable efforts to locate and effect service upon Defendant Parrish, and notify the Court within 21 days as to whether the efforts were successful. (Doc. no. 35, p. 3.) According to a return filed by the Marshal on August 31, 2010, "Dr. Joe Paris" was the former Statewide Medical Director for the D.O.C., but he retired on December 31, 2005. (Doc. no. 36.) The events giving rise to Plaintiff's claims occurred sometime in March of 2008. (Doc. no. 1, Att. 1, p. 4.) This lapse of over three years between Dr. Paris' retirement and the events giving rise to Plaintiff's claims, compounded with the Marshal's determination that no "Joseph Parrish" worked at the

2

D.O.C.-Atlanta, indicates that Plaintiff misidentified this Defendant. Therefore, the Marshal was unable to effect service upon Defendant "Parrish."

Plaintiff failed to provide any identifying information as to the second unknown doctor, and thus service was not capable of being attempted upon the second unknown doctor. On September 14, 2010, the Court issued an Order directing Plaintiff to show cause within fourteen (14) days why Defendant "Parrish" and the second unknown doctor should not be dismissed without prejudice for failing to perfect service. (Doc. no. 37.)

Presently before the Court are Plaintiff's two responses to the Court's September 14th Order. (Doc. no. 37.) In Plaintiff's first response, he does not directly address the issues concerning Defendant "Parrish" and the second unknown doctor, but instead requests summons to be sent to the Plaintiff so that he can complete it and have it served on Defendant Chadray. (Doc. no. 39.) This is an unnecessary request, as an Order was already issued by this Court directing the Marshal to effect service on Defendant Chadray. (Doc. no. 35.) In Plaintiff's second response, the only new information that Plaintiff provides is that the second unknown doctor is the only doctor he consulted with twice in a nine month period in 2008, and that he had a consultation with the second doctor unknown doctor in December of 2008 before he had his liver biopsy. (Doc. no. 40, p.2.) However, this new information does not identify the second unknown doctor, and in neither response does Plaintiff address the identity of Defendant "Parrish."

As Plaintiff has misidentified Defendant "Parrish" and has not identified the second

unknown doctor, the Court **REPORTS** and **RECOMMENDS** that Defendant "Parrish"[2] and the second unknown doctor be **DISMISSED** without prejudice for failure to timely effect service.

SO ORDERED this 19th day of October, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]In light of the Court's recommendation that Defendant "Parrish" be dismissed, along with the fact that Dr. Joe Paris is not a party to this case, the Court **REPORTS** and **RECOMMENDS** that Dr. Paris' motion to dismiss (doc. no. 38) be found **MOOT**. Dr. Paris asserts in his motion to dismiss that, should he not be dismissed, Dr. Sharon Lewis, the current Statewide Medical Director for the D.O.C. should be automatically substituted in his place under Fed. R. Civ. P. 25(d). (Id. at p. 2 n.1.) However, 25(d) only applies "[w]hen a public officer who is a party in an official capacity. . . ceases to hold officer while the action is pending." Fed. R. Civ. P. 25(d). Here, Dr. Paris ceased being the Statewide Medical Director in 2005 and the instant lawsuit was not filed until November 19, 2009. Therefore, Dr. Sharon Lewis will not be automatically substituted for Dr. Paris under 25(d) because Dr. Paris ceased to hold the relevant office prior to filing of this action, not while this action was pending.

4