ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| OLIVER C. LOADHOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-091 |
| | ) | |
| DR. MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Macon State Prison located in Oglethorpe, Georgia,[1] commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. The matter is presently before the Court on Defendant Chaudhary's pre-answer motion to dismiss.[2] (Doc. no. 42) Plaintiff has filed a response in opposition to the motion (doc. no. 47), and Defendant Chaudhary, in turn, filed a reply (doc. no. 48). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant Chaudhary's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

I. **BACKGROUND**

Plaintiff's complaint addresses the alleged lack of treatment for his hepatitis in the face

---

[1] When Plaintiff commenced this action, he was incarcerated at Telfair State Prison ("TSP") in Helena, Georgia.

[2] In his motion to dismiss, Defendant "Chadray" has made clear that his full name is Ayaz Chaudhary. (Doc. no. 42.) The **CLERK** is **DIRECTED** to modify the docket accordingly.

of a recommendation that he be given treatment. (See generally doc. no. 1.) According to Plaintiff, in early 2008, Dr. Cheney, a physician at TSP, prescribed interferon treatment for Plaintiff's hepatitis. (Id. at 10.) Plaintiff stated that Dr. Cheney explained to him that the only criteria for treatment was a "relatively healthy liver free of cirrh[o]sis." (Id.) Plaintiff went on to allege that several months later, he and two other inmates were sent to Augusta State Medical Prison ("ASMP") for a consultation regarding possible treatment. (Id. at 11.) Plaintiff stated that an unknown doctor at ASMP told them no consultation could be done without a prerequisite liver biopsy. (Id.)

Plaintiff stated that in August 2009, he was sent back to ASMP where a liver biopsy was performed. (Id.) On September 14, 2009, after the biopsy results were received, Plaintiff was purportedly informed via teleconference by a different unknown doctor at ASMP that Plaintiff's liver was healthier than his and that Plaintiff would not receive treatment. (Id. at 10.) This unknown doctor was later identified by Plaintiff as Defendant Chaudhary. (Doc. no. 33.)

Plaintiff then stated that on September 19, 2009, he received the "official denial of medical treatment" from Dr. Moore, a physician at TSP. (Doc. no. 1, p. 13.) Plaintiff also made a general claim against all doctors that he named as Defendants, stating that they had "inverted" the criterion for treatment as stated by Dr. Cheney. (Id. at 10.) Finally, Plaintiff attempted to sue a doctor working in the administrative offices of the Georgia Department of Corrections ("DOC"), claiming that the doctor had the final authority to decide if Plaintiff received treatment. (See id. at 13.) As relief, Plaintiff requested monetary damages and an injunction ordering Defendants to provide the treatment prescribed by Dr. Cheney. (Id. at 6.)

The Court allowed Plaintiff's claims to go forward against Dr. Moore, the doctor in the DOC administration, and the two unknown doctors for deliberate indifference to a serious

medical need concerning the lack of treatment of Plaintiff's hepatitis in spite of Dr. Cheney's recommendation. (Doc. no. 18.) As stated above, Plaintiff later identified one of the unknown doctors as Defendant Chaudhary (doc. no. 33), but the other unknown doctor and the DOC doctor were dismissed due to Plaintiff's failure to properly identify them (doc. no. 45, *adopted by* doc. no. 49). Thus, Defendants Moore and Chaudhary are the only remaining Defendants in this action. Defendant Moore has filed an answer. (Doc. no. 32.)

Defendant Chaudhary now seeks to dismiss Plaintiff's federal and state claims against him. (See generally doc. no. 42.) Plaintiff's response in opposition to Defendant Chaudhary's motion simply re-states his allegations against both Defendant Chaudhary and Defendant Moore in an attempt to show that he has been denied treatment for his hepatitis in spite of Dr. Cheney's recommendation. (See generally doc. no. 47.)

II. **DISCUSSION**

In the instant motion, Defendant Chaudhary offers several arguments for the dismissal of Plaintiff's claims against him. He contends that Plaintiff's complaint fails to state a valid claim against him for deliberate indifference under the Eighth Amendment. (Doc. no. 42, pp. 4-7.) In addition, he maintains that the Eleventh Amendment bars Plaintiff from receiving either monetary or injunctive relief from him. (Id. at 7, 9-11.) Furthermore, Defendant Chaudhary argues that he is entitled to qualified immunity, which warrants dismissal of Plaintiff's claim against him for deliberate indifference. (Id. at 10-12.) Finally, he alleges that Plaintiff's state law claims are also barred by the Eleventh Amendment and by Plaintiff's failure to follow the Georgia Torts Claim Act ("GTCA"). As explained below, the Court **RECOMMENDS** that Defendant Chaudhary's motion to dismiss be **GRANTED** as to Plaintiff's official capacity claim for monetary relief against Defendant Chaudhary, and that the

remainder of the motion be **DENIED**.

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). Moreover, granting a motion to dismiss is disfavored and rare. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Finally, while factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). With these principles in mind, the Court turns its attention to the instant motion.

### B. Sufficiency of Plaintiff's Pleadings to State an Eighth Amendment Claim

Defendant Chaudhary argues that Plaintiff fails to state a claim of deliberate indifference to a serious medical need against him under the Eighth Amendment. Specifically, Defendant Chaudhary asserts that Plaintiff's allegations against him amount to a mere difference in opinion regarding the treatment of Plaintiff's hepatitis.

A prisoner can recover under § 1983 for a violation of the Eighth Amendment if he can

4

show that a prison official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To meet this standard, "a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that "the prison official acted with an attitude of deliberate indifference to that need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (punctuation and citations omitted). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the prison official disregarded an excessive risk of which he was actually aware. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).

To show the deliberate indifference that would violate the Eighth Amendment, Plaintiff must allege that prison officials knew about and disregarded an excessive risk to his health or safety. See Farmer, 511 U.S. at 837. When subjectively weighing whether prison officials are deliberately indifferent, the courts require plaintiffs to show "more than mere negligence," and look for "obduracy and wantonness, not inadvertence or error in good faith." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (citation omitted); see also Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). To state a viable Eighth Amendment claim, Plaintiff must show that the defendants acted with "deliberate indifference" to his medical needs, such as an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain. Adams, 61 F.3d at 1543-44. Only when medical care is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" will the standard of "deliberate indifference" be met. Id. at 1544 (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Mere allegations of negligence or malpractice do not amount to deliberate indifference.

5

Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

A prisoner can also establish deliberate indifference to a serious medical need by showing intentional interference with a prescribed treatment. Estelle, 429 U.S. at 104-05; Brown v. Johnson, 387 F.3d 1344, 1350-51 (11th Cir. 2004) (holding that the complete withdrawal of treatment for an inmate's HIV and hepatitis is sufficient to support a claim of deliberate indifference). In the context of a claim premised on interference with medical treatment, deliberate indifference means showing that the defendant knew of an excessive risk to inmate health and disregarded that risk by conduct that is more than gross negligence. Farmer, 511 U.S. at 837-38 (1994); Goebert v. Lee, 510 F.3d 1312, 1326 (11th Cir. 2007).

Additionally, the Eleventh Circuit has consistently held that a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. See Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). That is, the burden of proving deliberate indifference cannot be met simply by arguing that an inmate wanted a different type of treatment. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments. . . . Id. (citation omitted)).

Here, Plaintiff's claim against Defendant Chaudhary for deliberate indifference to a serious medical need should not be dismissed. Plaintiff states that Defendant Chaudhary met with him via teleconference for the sole purpose of informing Plaintiff of the results of his prior liver biopsy and whether or not he would receive treatment for his hepatitis. (Doc. no. 1, p. 10.) Plaintiff alleges that Defendant Chaudhary simply stated that Plaintiff's liver was healthier than

his, and without further explanation, refused to provide him with any treatment for his hepatitis despite Dr. Cheney's recommendation that Plaintiff be given treatment. (Id.) Plaintiff also claims that Defendant Chaudhary purposefully used the wrong criterion in assessing Plaintiff's eligibility for treatment so that he could deny Plaintiff treatment. (Id.) Essentially, Plaintiff claims that Defendant Chaudhary intentionally interfered with the treatment for his hepatitis that Dr. Cheney recommended.

It is clear, based on the above-cited objective standard, that hepatitis is a sufficiently serious medical condition to state a claim for deliberate indifference. See Brown, 387 F.3d at 1351 (holding that prisoner's HIV and hepatitis were both serious medical needs). Taking Plaintiff's allegations as true and construing all reasonable inferences in the light most favorable to him, it is also clear that Defendant Chaudhary was aware that Plaintiff had hepatitis and that denying Plaintiff treatment in spite of Dr. Cheney's recommendation, created an excessive risk to Plaintiff's health. By refusing Plaintiff any form of treatment based on a false criterion and in such a cursory manner, Defendant Chaudhary disregarded the risk to Plaintiff's health by conduct that is more than gross negligence. See Granda v. Schulman, 372 F. App'x 79, 82-83 (11th Cir. 2010) (*per curiam*) (citing Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994)) (stating that the complete denial of readily available treatment for a serious medical condition would state a claim for deliberate indifference); Mandel v. Doe, 888 F.2d 783, 789 (11th Cir. 1989) (stating that treatment that is so cursory as to amount to no treatment at all states a claim for deliberate indifference).

Defendant Chaudhary's argument that Plaintiff's allegations against him do nothing more than establish a mere difference in opinion regarding treatment also misses the mark. (See doc. no. 42, pp. 6-7.) Defendant Chaudhary cites several cases that support the proposition that

7

a difference in opinion regarding the best course of treatment for an inmate does not constitute deliberate indifference. See, e.g., Adams, 61 F.3d at 1545 (stating that question of what forms of treatment a government actor should employ is not an appropriate basis for liability under the Eighth Amendment); Harris, 941 F.2d at 1505 (stating that a simple difference in opinion between a prison's medical staff and an inmate regarding the inmate's course of treatment does not support a claim of cruel and unusual punishment). However, the above-cited cases each involve a situation where the inmate alleging deliberate indifference had received *some form of treatment* for his medical condition. For instance, in Adams, the inmate received medication and nebulizer treatments for his severe asthma, but, after his death, his parents claimed he should have been given intravenous steroids. Adams, 61 F.3d at 1545. In the instant case, Plaintiff is not alleging that he was given a different form of treatment other than the one he wanted; he is alleging that he was given no treatment at all in contravention of Dr. Cheney's recommendation, and that Defendant Chaudhary is one of the people who refused him treatment. See Granda, 372 F. App'x 82-83. Plaintiff has therefore sufficiently pleaded deliberate indifference on the part of Defendant Chaudhary.[3]

C.   **Eleventh Amendment Bar**

Defendant Chaudhary also argues for dismissal of Plaintiff's damages claim against him

---

[3] Defendant Chaudhary also makes the argument that Plaintiff's claim for injunctive relief against him is not authorized by the Prison Litigation Reform Act ("PLRA"). (Doc. no. 42, p. 8.) However, this argument is based solely upon Defendant Chaudhary's assertion that Plaintiff failed to state a deliberate indifference claim against him. (See id.) Given that the Court finds that Plaintiff has stated a valid claim for deliberate indifference against Defendant Chaudhary, his argument that Plaintiff's claim for injunctive relief is not authorized by the PLRA must fail. A more substantive analysis of Plaintiff's claim for injunctive relief against Defendant Chaudhary is discussed *infra* in the context of Defendant Chaudhary's assertion that such relief is barred by the Eleventh Amendment.

in his official capacity. Defendant Chaudhary correctly relies on the principle that the Eleventh Amendment bars § 1983 claims for monetary damages against state officials sued in their official capacities when the state is the real party in interest or any monetary recovery would be paid from state funds. See, e.g., Will v. Mich. Dept. of State Police, 491 U.S. 58, 66-71 (1989); Kentucky v. Graham, 473 U.S. 159, 169 (1985); Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1577 (11th Cir. 1994). In this case, Plaintiff's allegations relate to actions undertaken by Defendant Chaudhary while performing functions as a state prison official. Therefore, Plaintiff's official capacity claim for monetary damages against Defendant Chaudhary is not cognizable and should be dismissed.

Additionally, Defendant Chaudhary argues that Plaintiff's claim for injunctive relief against him should be dismissed. (Doc. no. 42, pp. 7-8.) Defendant Chaudhary argues that all "official capacity" claims are nothing more than claims against the state. (Id. at 7.) This argument misses the mark. Both the Supreme Court and the Eleventh Circuit have clearly established that where a state official is sued in his official capacity for injunctive relief, as is the case here, the Eleventh Amendment does not bar the claim. See Will, 491 U.S. at 71 & n.10 (rejecting § 1983 claim against official sued in official capacity for money damages on Eleventh Amendment grounds but distinguishing situation where state official is sued in official capacity for injunctive relief); Washington v. Bauer, 149 F. App'x 867, 870 (11th Cir. 2005) (*per curiam*) ("[A] claimant 'may bring a § 1983 action against state officials in their official capacities . . . for prospective, injunctive relief.'" (quoting Miller v. King, 384 F.3d 1248, 1260 (11th Cir. 2004))). Therefore, the Eleventh Amendment does not provide a valid basis for the

dismissal of Plaintiff's claim against Defendant Chaudhary in his official capacity.[4]

### D. Qualified Immunity

Defendant Chaudhary contends that even if Plaintiff's claim against him for deliberate indifference is not subject to dismissal based on his previous arguments, it should be dismissed because he is entitled to qualified immunity. The crux of Defendant Chaudhary's qualified immunity argument is that the law is clearly established in the Eleventh Circuit that a disagreement between Plaintiff and Defendant Chaudhary as to Plaintiff's treatment does not violate Plaintiff's constitutional rights and that Plaintiff can cite no binding precedent to the contrary. (See doc. no. 42, p. 12.) For the reasons stated below, Defendant Chaudhary's argument fails, and therefore, he is not entitled to qualified immunity against Plaintiff's claim for deliberate indifference.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or

---

[4]Based on the organization of Defendant Chaudhary's motion to dismiss, it appears that apart from his Eleventh Amendment argument, he asserts that Plaintiff's claims against him in his official capacity for both monetary damages and injunctive relief should be dismissed because he is not a "person" within the meaning of § 1983 when sued in his official capacity. (See doc. no. 42, p. 9.) However, this assertion is more properly treated as a part of his Eleventh Amendment argument rather than a separate argument for dismissal. In Will, the Supreme Court reasoned that the Eleventh Amendment barred § 1983 actions against state officials sued in their official capacities for monetary damages because such actions are tantamount to actions against States, which are not "persons" under § 1983. Will, 491 U.S. at 71. Thus, the fact that a state official sued in his official capacity for monetary damages does not qualify as a "person" is not a separate basis for dismissal, but rather is the rationale behind the Eleventh Amendment bar. See id. This Court has already determined that Defendant Chaudhary cannot be sued for monetary damages in his official capacity. Additionally, this "personhood" analysis does not bar recovery where, as here, a state official is also sued in his official capacity for injunctive relief. Id. at 71 n.10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state." (citation omitted)).

constitutional rights of which a reasonable person would have known. Pearson v. Callahan, 555 U.S. ___, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Townsend v. Jefferson County, 601 F.3d 1152, 1157 (11th Cir. 2010). For an official's acts to be within their discretionary authority, they must be "(1) undertaken pursuant to the performance of her duties and (2) within the scope of her authority." Jones v. City of Atlanta, 192 F. App'x 894, 897 (11th Cir. 2006) (*per curiam*) (punctuation omitted) (quoting Lenz v. Winburn, 51 F.3d 1540, 1545 (11th Cir. 1995)). If the defendant shows that he was acting within his discretionary authority, then "the plaintiff must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Townsend, 601 F.3d at 1158 (punctuation omitted) (quoting Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004)). Furthermore, "[a] right is clearly established if, in light of already-existing law, the unlawfulness of the conduct is apparent, and if a constitutional rule applies with obvious clarity to give an official fair warning that violating that right is actionable." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (internal citations omitted). "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity." Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). Also, the Eleventh Circuit has held: "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decision of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Here, there is no dispute between the parties that Defendant Chaudhary was acting under color of law when he met with Plaintiff about his liver biopsy. (See doc. no. 1, pp. 6, 8,

11

10; doc. no. 42, p. 12.) Additionally, taking Plaintiff's allegations as true, it is clear that Defendant Chaudhary was acting within his discretionary authority as a doctor at ASMP when he informed Plaintiff that he would receive no treatment for his hepatitis. See Lepper v. Nguyen, 368 F. App'x 35, 39 n.6.) (*per curiam*) (stating that prison officials, including a doctor, were acting within their discretionary authority when making decisions regarding an inmate's medical care). However, even though the Court finds for the purpose of deciding this motion that Defendant Chaudhary was acting within his discretionary authority, his argument that he is entitled to qualified immunity is ultimately unpersuasive. He asserts that he is entitled to qualified immunity because Plaintiff cannot cite binding authority that a disagreement between an inmate and a prison medical official regarding the best treatment for the inmate establishes a violation of the inmate's constitutional rights. (See doc. no. 42, pp. 11-12.) This is nothing more than a repackaging of Defendant Chaudhary's argument that Plaintiff failed to establish a claim against him for deliberate indifference, which the Court already rejected above. (See id. at pp. 6-7.) As stated *supra*, the allegation against Defendant Chaudhary that the Court allowed to go forward after screening Plaintiff's complaint was that Defendant Chaudhary refused to provide any treatment to Plaintiff for his hepatitis in spite of Dr. Cheney's recommendation to the contrary. (See doc. no. 18.) Keeping that allegation in mind, the Court turns to the question of whether Plaintiff had a clearly established right to receive treatment for his hepatitis in the face of Dr. Cheney's recommendation.

Even a cursory examination of Supreme Court and Eleventh Circuit Court of Appeals case law quickly reveals a number of cases which clearly establish that a claim of deliberate indifference may arise upon the showing of intentional interference with a prescribed treatment. See Erickson v. Pardus, 551 U.S. 89, 91-92 (2007) (holding that inmate's allegation that he was

12

removed from a treatment program for his hepatitis established a claim of deliberate indifference); Goebert, 510 F.3d at 1327-29 (finding that an inmate stated a claim for deliberate indifference by alleging that the facility manager of the county jail where she was housed did not allow her to see an obstetrician despite worsening pregnancy complications and the jail doctor's recommendation); Brown, 387 F.3d at 1350-51 (holding that the complete withdrawal of treatment for an inmate's HIV and hepatitis is sufficient to support a claim of deliberate indifference). In fact, the Eleventh Circuit has held that a claim for deliberate indifference can arise in situations <u>where treatment is provided</u>, if that treatment is "so cursory as to amount to <u>no treatment at all</u>." Mandel, 888 F.2d at 789. In light of this case law, the Court rejects Defendant Chaudhary's contention that he was not on notice that the conduct alleged would violate Plaintiff's constitutional rights. Accordingly, Plaintiff's claim for deliberate indifference against Defendant Chaudhary should not be dismissed on qualified immunity grounds.

### E. State Law Claims

Defendant Chaudhary also argues that Plaintiff's state law claims should be barred by the Eleventh Amendment and by Plaintiff's failure to follow the GTCA. The Court notes that, upon screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the only claim allowed to go forward against Defendant Chaudhary was Plaintiff's claim for deliberate indifference. (See doc. no. 18.) Therefore, it is unnecessary—and undesirable—to resolve the issue of Plaintiff's supposed state law claims at such an early stage in the litigation because it is not clear that the Court will ultimately exercise supplemental jurisdiction over them. Though Plaintiff's claim for deliberate indifference against Defendant Chaudhary survived initial screening, it has not yet faced a motion for summary judgment. In the event that the deliberate

indifference claim against Defendant Chaudhary over which this Court has original jurisdiction is dismissed, the Court will likely decline to exercise supplemental jurisdiction over Plaintiff's state law claims against him. 28 U.S.C. § 1367(c)(3). Therefore, as the Court's jurisdiction over Plaintiff's state law claims is in doubt, it would be unnecessary and inappropriate to reach the merits of Defendant Chaudhary's arguments to dismiss those claims. Thus, Defendant Chaudhary's request to dismiss Plaintiff's state law claims should be **DENIED** with leave to re-file in the event that this Court exercises supplemental jurisdiction over Plaintiff's state law claims.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendant Chaudhary's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART** with leave to re-file his request to dismiss Plaintiff's state law claims in the event that this Court exercises supplemental jurisdiction over those claims.

Furthermore, should the District Court adopt this Report and Recommendation, Defendant Chaudhary shall submit his answer within fourteen (14) days of the District Court's adoption order.[5] Upon the filing of Defendant Chaudhary's answer, the Clerk should be directed to enter a scheduling notice.

SO REPORTED and RECOMMENDED this 14th day of March, 2011, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] As noted above, Defendant Moore has already filed an answer in this case. (Doc. no. 32.)