FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JAN -2 P 2: 02
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| OLIVER C. LOADHOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-091 |
| ) | |
| DR. DAVID MOORE, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At the time of the events giving rise to the above-captioned case brought pursuant to 42 U.S.C. § 1983, Plaintiff was an inmate incarcerated at Telfair State Prison ("TSP") in Helena, Georgia. (See doc. no. 1-2, pp. 3-6.) Plaintiff is proceeding *pro se* and *in forma pauperis* in this case, which is now before the Court on Defendant's motion for summary judgment. (Doc. no. 70.) Plaintiff has filed a response in opposition to Defendant's motion[1]

---

[1] As an initial matter, the Court notes that, although Plaintiff has included with his response two pages purporting to assert the facts of his claim (doc. no. 78, pp. 2-3), those pages do not directly respond to the individual assertions of fact in Defendant's Statement of Material Facts (doc. no. 72) as contemplated by the Local Rules. See Loc. R. 56.1 (instructing parties moving for summary judgment to attach a separate statement of material facts and explaining that "all material facts set forth in the statement . . . will be deemed admitted unless controverted by a statement served by the opposing party"). Instead, Plaintiff's response simply restates the allegations asserted in his complaint. (See generally doc. no. 78.) Thus, the facts set forth in Defendant's Statement of Material Facts are deemed admitted. (Doc. no. 72.)

The Court additionally notes that Plaintiff's response is unsigned and therefore in violation of Fed. R. Civ. P. 11(a), which requires every document filed with the Court by a *pro se* litigant to be signed by that litigant.

(doc. no. 78), and Defendant has filed a subsequent "reply memorandum" to Plaintiff's response (doc. no. 79).[2] For the reasons set forth below, the Court **REPORTS AND RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED** (doc. no. 70), that a final judgment be **ENTERED** in favor of Defendant, and that this civil action be **CLOSED**.

I.  **FACTS**

As noted above, Plaintiff was incarcerated at TSP during the time period relevant to this case.[3] (See doc. no. 1, p. 3; doc. no. 1-2, pp. 3-6; doc. no. 78, pp. 2-5.) During that same time period, Defendant, who has been a medical doctor for thirty-one years and who has spent the last nine years in correctional healthcare, worked as the "locums tenens physician" for HealthCare Partners, Inc.; as such, Defendant worked at TSP on an as-needed basis "when the prison needed a physician to fill in during a few months in 2009." (Doc. no. 71-1

---

[2]As pointed out by Defendant (doc. no. 79, pp. 1-2), Plaintiff's response to Defendant's motion for summary judgment was untimely filed. After Plaintiff failed to meet the initial deadline of July 23, 2012 for filing a response, the Court, on July 27, 2012, ordered Plaintiff to file any opposition to Defendant's motion within 21 days of the date of that Order. (See doc. no. 77, p. 3.) However, Plaintiff did not file his response in opposition until September 10, 2012. (Doc. no. 78.) Nonetheless, the Court acknowledges that the mere fact that Plaintiff's response was untimely filed – and, as noted above, is unsigned and does not directly respond to Defendant's assertions of fact – does not entitle the Court to grant the motion without considering the merits. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). Thus, despite the deficiencies in Plaintiff's response, the Court will consider his response in its analysis of Defendant's motion for summary judgment.

[3]Although Plaintiff refers on a number of occasions in his complaint and response to Defendant's motion for summary judgment to being "transferred" to other prisons (see doc. no. 1-2, pp. 4-5; doc. no. 78, p. 2), it is clear that Plaintiff was simply taken to those prisons on a temporary basis for medical purposes. (See doc. no. 78, p. 2.)

2

(hereinafter "Moore Aff."), ¶¶ 2, 3, 5.) Notably, Defendant met with Plaintiff on only two occasions during Plaintiff's incarceration at TSP. (Id. ¶ 7.)

Plaintiff's claim in this case concerns the medical care he received while incarcerated at TSP. Specifically, Plaintiff claims that Defendant, along with a number of other medical professionals and entities who have since been dismissed from this case (see doc. nos. 23, 49, 65), acted with deliberate indifference to his serious medical needs when, following a liver biopsy and Plaintiff's ensuing complaints of liver pain, he told Plaintiff that his liver was healthy and accordingly refused to provide additional treatment. (Doc. no. 1-2, p. 6; doc. no. 78, p. 2.)

Although Plaintiff asserts in his complaint and his response to Defendant's motion for summary judgment that he has Hepatitis B, Plaintiff in fact has Hepatitis C. (Moore Aff. ¶ 2.) As a result, and as acknowledged by Plaintiff (see doc. no. 78, p. 2), Plaintiff's condition has been "monitored regularly in the chronic care clinic provided by the State of Georgia Department of Corrections" (Moore Aff. ¶ 9). As part of that monitoring, Plaintiff was evaluated in May of 2009 by Dr. Cheney, a doctor at TSP who "treated Plaintiff frequently" and who was formerly a Defendant in this lawsuit.[4] (Id. ¶ 10.) Dr. Cheney noted at the time that Plaintiff was "experiencing no problems." (Id.) Later, on September 28, 2009, also as part of the "regular monitoring" of Plaintiff's Hepatitis C, Dr. Cheney sent Plaintiff to Augusta State Medical Prison ("ASMP") for a liver biopsy, following which Plaintiff returned to TSP. (Id. ¶ 11.)

---

[4]The Honorable Dudley H. Bowen, Jr., United States District Judge, dismissed Dr. Cheney from this case on May 27, 2010, based on Plaintiff's failure to state a viable claim for relief against him. (Doc. no. 23.)

On September 28, 2009, Defendant met with Plaintiff for the first time in order to provide follow-up care for the wound that resulted from Plaintiff's biopsy. (Id. ¶¶ 7, 12.) Plaintiff repeatedly asserts that, during that meeting, he indicated to Defendant that his liver was causing him "constant pain," and that Defendant "advised Plaintiff that his liver was swollen." (Doc. no. 78, pp. 2-4.) Defendant found at the time that Plaintiff's wound was healing normally. (Moore Aff. ¶ 12.)

Next, on October 15, 2009, Plaintiff was sent to Georgia State Prison in Reidsville, Georgia for the purpose of participating in a "telemed consult" – essentially, a video-conference – with a gastroenterologist specialist at ASMP.[5] (Id. ¶¶ 13, 14.) During the telemed consult, the specialist informed Plaintiff that the results of his liver biopsy were normal and that he would be seen in six months for a routine follow-up. (Id. ¶ 15.) According to Defendant's review of the liver biopsy report, "Plaintiff's Hepatitis C was not an active or progressing infection, and other than some fat in the liver, the liver tissue was healthy and normal." (Id. ¶ 16.)

Defendant met with Plaintiff for the second time on October 19, 2009, following Plaintiff's return to TSP. (Id. ¶¶ 7, 17.) The purpose of that meeting was to ensure that Plaintiff understood the findings in the liver biopsy report and to otherwise "encourage Plaintiff to live a healthy lifestyle" so as to prevent Plaintiff's Hepatitis C from progressing. (Id. ¶ 18.) According to Plaintiff, Defendant told him at that meeting that "notwithstanding

---

[5]The Court notes that, although Defendant refers to "Reidsville State Prison" in both his affidavit and his brief in support of the motion for summary judgment (Moore Aff. ¶ 13; Doc. no. 71, p. 3), he appears to be actually referring to Georgia State Prison, which is located in Reidsville, Georgia.

4

any complaints of pain, he would not be treated because his liver was healthy and his condition did not require it." (Doc. no. 78, p. 2.) Defendant recalls that Plaintiff became upset at the denial of additional treatment, and that he accordingly recommended to Plaintiff that he follow up with Dr. Cheney because only a specialist or medical director would be able to authorize further treatment. (Moore Aff. ¶¶ 19, 20.) Notably, as a locum tenens physician working at TSP on an as-needed basis, Defendant did not have the authority to prescribe further treatment to Plaintiff. (Id. ¶ 20.) Defendant explained to Plaintiff that his sole purpose in meeting with him was to ensure that he was "fully educated" on the biopsy findings and on how to live a healthy lifestyle as a Hepatitis C patient. (Id. ¶ 21.)

On December 16, 2009, Plaintiff met with Dr. Cheney and was again informed that his biopsy results did not warrant any further treatment of his Hepatitis C. (Id. ¶ 22.) None of the records from the timeframe relevant to Plaintiff's complaint indicate that there was any active prescribed treatment for Plaintiff's Hepatitis C; instead, those records indicate only that Plaintiff's condition was continuing to be monitored.[6] (Id. ¶ 23.)

---

[6]Notably, Plaintiff's response to Defendant's motion for summary judgment contains a section cryptically entitled "Inverted Criterion," in which Plaintiff asserts that Dr. Cheney recommended treatment to suppress his Hepatitis C and to forestall cirrhosis or liver scarring. (See doc. no. 78, p. 4.) In his complaint, Plaintiff indicated that the recommendation in question was made in early 2008, that it was specifically for "interferon treatment," and that Dr. Cheney explained that the only criteria that need be met for the treatment was a "relatively healthy liver free of cirrhosis." (Doc. no. 1-2, p. 3.) Plaintiff alleges in his response to the motion for summary judgment that, despite being later diagnosed as having a healthy liver, he was denied the interferon treatment that Dr. Cheney allegedly recommended. (Doc. no. 78, p. 4.) The medical records show, however, that Dr. Cheney did not at any time prescribe interferon treatment, and Plaintiff has not pointed to any evidence in the record demonstrating otherwise. (Moore Aff. ¶ 23; see generally doc. nos. 76, 76-1, 76-2, 76-3.))

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Applicable substantive law identifies which facts are material in a given case.[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot

---

[7]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

meet its burden at trial is not sufficient. Id. at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine dispute as to any material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Merits of Plaintiff's Claim

As noted above, Plaintiff contends that Defendant provided him with inadequate medical treatment following his September 8, 2009 liver biopsy, and that Defendant was therefore deliberately indifferent to his serious medical needs in violation of his Eighth Amendment constitutional rights. (See generally doc. nos. 1, 78.) Defendant argues that Plaintiff has failed to provide sufficient evidence in support of his claim of deliberate indifference and that, in fact, Defendant "treated Plaintiff with his best interests in mind" and "did his best to care for Plaintiff's biopsy wound, explain Plaintiff's biopsy results, and teach Plaintiff how to live a healthy life with his Hepatitis C condition." (See doc. no. 71, p. 9.)

To prevail on a claim of deliberate indifference to serious medical needs, Plaintiff

7

must show: (1) that he had an objectively serious medical need, (2) that Defendants acted with deliberate indifference to that need, and (3) that his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the requirement of showing an objectively serious medical need, a prisoner must show that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To show that Defendant was deliberately indifferent to his medical needs, Plaintiff must offer proof that Defendant: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) that Defendant disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

Furthermore, as Judge Bowen pointed out in his January 25, 2012 Order granting Dr. Chaudhary's motion to dismiss (doc. no. 65, pp. 6-7), "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."[8] West, 320 F.3d at 1243 (internal quotation and citation omitted). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best

---

[8]Judge Bowen found that Plaintiff failed to demonstrate that Dr. Chaudhary, a physician at ASMP, acted with deliberate indifference when Dr. Chaudhary – like Defendant here – informed Plaintiff that his liver was healthy and accordingly declined to provide Plaintiff with additional treatment. (See generally doc. no. 65.)

8

obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. With these principles in mind, the Court turns its attention to Defendant's motion for summary judgment on Plaintiff's claim.

Here, in light of his condition, Plaintiff has clearly shown that he has a serious medical need, given that courts have specifically acknowledged that Hepatitis C is a serious medical condition. See Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (noting that hepatitis meets the established definition for a serious medical need). Moreover, Defendant does not contest the issue, noting that "[w]hile Plaintiff's Hepatitis C was not progressing, it can be a serious medical condition, and therefore [Defendant] will only address Plaintiff's failure to provide any evidence of [Defendant's] deliberate indifference to [that condition]." (Doc. no. 71, p. 6.) Thus, the Court's analysis of Defendant's motion for summary judgment will turn solely on whether or not, in light of Plaintiff's serious medical need, Defendant

9

acted with deliberate indifference to Plaintiff's condition.

The Court finds that, as clearly as Plaintiff has shown that he has a serious medical need, he has just as clearly failed to show that Defendant acted with deliberate indifference to that need. First, it is apparent from Defendant's argument and affidavit, as well as from Plaintiff's complaint and response to the motion for summary judgment, that Defendant's role in Plaintiff's medical treatment was markedly limited. Defendant was not and is not Plaintiff's treating physician,[9] and the extent of his contact with Plaintiff consisted of two meetings with Plaintiff that were held in September and October of 2009 following Plaintiff's liver biopsy. (Moore Aff. ¶¶ 8, 12, 13.) Defendant held those meetings in his capacity as an "as-needed" physician during the brief period of time that he spent filling in at TSP. (Id. ¶ 5.) Moreover, as he explained to Plaintiff during their second meeting, "[a]s a locum tenens physician covering shifts at TSP on an as needed basis," he did not have the authority to prescribe further treatment to Plaintiff, even if further treatment *were* necessary. (Id. ¶¶ 2, 5, 20.) In fact, Defendant's only purpose in meeting with Plaintiff was, on the first occasion, to provide follow-up care for the wound resulting from the biopsy and, on the second occasion, to ensure that Plaintiff understood the results of the biopsy – that his liver was healthy and not in need of treatment – and to educate Plaintiff on how to live a healthy lifestyle with Hepatitis C. (Id. ¶¶ 12, 21.) Even so, when Plaintiff requested additional treatment after being informed that his biopsy was normal, Defendant did not simply ignore his request, but explained to Plaintiff that he was not authorized to prescribe treatment and,

---

[9]In fact, as noted above, Plaintiff is no longer incarcerated at TSP, and Defendant is no longer employed in any capacity at TSP, temporary or otherwise (Moore Aff. ¶ 5).

moreover, specifically recommended that Plaintiff follow up with Dr. Cheney to address his concerns. (Id. ¶ 20.)

Additionally, as alluded to above, even if Defendant *had* been authorized to provide additional treatment to Plaintiff, there is absolutely no indication that there was any need for Defendant to have done so. Plaintiff makes much of Defendant's comment in response to Plaintiff's complaints of pain during their first meeting following the biopsy that Plaintiff's "liver was swollen" (doc. no. 78, p. 2); however, Defendant noted during that same meeting that Plaintiff's wound was healing normally, and the Court additionally notes that, on a purely logical basis, swelling and pain are not necessarily inconsistent with a normally healing wound following an invasive surgery. Regardless, Defendant declining Plaintiff's invitation to provide additional treatment for a liver that Defendant found to be healthy and healing normally following a biopsy – even given Plaintiff's general complaints of pain – does not give rise to the level of culpability necessary to sustain a claim for deliberate indifference; in fact, that refusal is not even demonstrative of negligence, which, in any event, the courts have held does *not* give rise to a viable claim for deliberate indifference. Campbell, 169 F.3d at 1363-72. Moreover, in light of Plaintiff's normally healing wound, Plaintiff has not shown that Defendant was subjectively aware of a serious risk to Plaintiff's health beyond the Hepatitis C for which he was being monitored. Goebert, 510 F.3d at 1326

As to Defendant's second meeting with Plaintiff, Defendant's actions during that meeting are also not in any way indicative of deliberate indifference. As noted above, Defendant's objectives during that meeting were simply to ensure that Plaintiff understood the findings in the biopsy report and to encourage Plaintiff to lead a healthy lifestyle with

11

Hepatitis C. (Moore Aff. ¶ 17.) Notably, the findings in the biopsy report showed that Plaintiff's liver was healthy and not in need of further treatment. (Id. ¶ 18.) Thus, Defendant's decision to recommend that Plaintiff follow up with Dr. Cheney to address his concerns (id. ¶ 20) – rather than to provide Plaintiff with additional treatment himself – does not demonstrate that Defendant acted with deliberate indifference. To the contrary, Defendant's actions are demonstrative of an effort to accommodate Plaintiff's needs as fully as possible: Defendant explained to Plaintiff that, given the normalcy of the biopsy report, no further treatment was warranted, and he subsequently alerted Plaintiff as to the proper avenue for further discussion of treatment options. (Id.) Moreover, as with the first meeting, Plaintiff has not shown that Defendant had any subjective awareness of a serious risk to Plaintiff's health outside of the standard risk associated with Hepatitis C – for which, again, Plaintiff was being actively monitored – especially in light of the biopsy report indicating a normal liver. Goebert, 510 F.3d at 1326. Thus, Defendant's second meeting with Plaintiff also fails to demonstrate that Defendant acted with deliberate indifference.[10]

If anything, Plaintiff's claim against Defendant amounts to a mere disagreement with Defendant's medical judgment that, based on the results of the liver biopsy, no additional

---

[10] As to Plaintiff's argument concerning "Inverted Criterion," the Court concludes that Plaintiff intends to assert that, in early 2008, Dr. Cheney recommended a certain treatment that was contingent upon Plaintiff having a "relatively healthy liver," and that Plaintiff was later denied that treatment despite being diagnosed as having a healthy liver. (Doc. no. 78, p. 4; doc. no. 1-2, p. 3.) However, Plaintiff does not explain how Defendant acted with deliberate indifference by failing to employ that treatment, and instead seems to merely take issue with what he perceives as an inherent contradiction. In particular, Plaintiff does not show that, in light of the biopsy's indication that treatment was altogether unnecessary, a failure to provide a certain kind of treatment could possibly give rise to deliberate indifference, especially where, as here, there is no record of Dr. Cheney having ever prescribed the treatment that Plaintiff describes. (Moore Aff. ¶ 23.)

treatment outside of routine monitoring was necessary to properly treat Plaintiff's healthy liver. However, such disagreement with a physician's medical judgment is simply inadequate to support a claim for deliberate indifference. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (noting that a "simple difference in medical opinion" does not rise to the level of constitutional violation).

In sum, Plaintiff has received an abundance of medical treatment for his Hepatitis C, including the treatment provided by Defendant during his brief tenure as a temporary fill-in physician at TSP. On the two occasions that Defendant met with Plaintiff, Defendant provided Plaintiff with a level of medical care that is in no way indicative of deliberate indifference, and which in fact indicates just the opposite. Plaintiff has not shown that Defendant had any subjective awareness during either of those meetings of a serious medical risk to Plaintiff beyond Plaintiff's baseline condition of being a carrier of Hepatitis C – for which he was being actively monitored – nor that Defendant then acted with deliberate indifference to that non-existent additional serious medical risk. At best, Plaintiff's claim evinces mere disagreement with Defendant's medical judgment, which does not give rise to a constitutional violation. Waldrop, 871 F.2d at 1033. Therefore, the Court concludes that Plaintiff has failed to meet his burden of showing a genuine dispute of material fact with respect to his claim for deliberate indifference and that Defendant is entitled to judgment as a matter of law.

### III. CONCLUSION

In sum, the Court **REPORTS AND RECOMMENDS** that Defendant's motion for

summary judgment be **GRANTED** (doc. no. 70), that a final judgment be **ENTERED** in favor of Defendant, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of January, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE